KILPATRICK TOWNSEND & STOCKTON LLP
Kollin J. Zimmermann (CA Bar No. 273092)
KZimmermann@ktslaw.com
Dennis L. Wilson (CA Bar No. 155407)
DWilson@ktslaw.com
Josiah L. Alter (CA. Bar No. 339670)
JAlter@ktslaw.com
1801 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 248-3830

Kristin M. Adams (admitted *Pro Hac Vice*)
kmadams@ktslaw.com
1100 Peachtree Street N.E., Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500

*Attorneys for Plaintiff*
*Ex Populus, Inc.*

DEBEVOISE & PLIMPTON LLP
David H. Bernstein (CA Bar No. 336551)
650 California Street
San Francisco, CA 94108
Tel: (415) 738-5700
Email: dhbernstein@debevoise.com

*Attorneys* for Defendant Space Exploration Technologies Corp.*
*Additional Counsel on Signature Page

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EX POPULUS, INC., A DELAWARE CORPORATION,<br><br>*Plaintiff and Counterclaim-Defendant,*<br><br>v.<br><br>SPACEXAI CORP., A NEVADA CORPORATION, AND SPACEXAI LLC, A NEVADA COMPANY,<br><br>*Defendants and Counterclaim-Plaintiffs,*<br><br>and<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., A TEXAS CORPORATION, AND X CORP., A NEVADA CORPORATION.<br><br>*Defendants.* | Case No. 3:25-cv-07101-RFL<br>*Judge: Hon. Rita F. Lin*<br><br>~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER AS TO PLAINTIFF EX POPULUS, INC. AND DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.**<br><br>Second Am. Compl. Filed: July 16, 2026 |

United States District Court
Northern District of California

**PRELIMINARY STATEMENT**

This [Proposed] Stipulated Protective Order is based on the Northern District of California's Model Protective Order. In compliance with the Court's Civil Standing Order, Plaintiff Ex Populus, Inc. ("Plaintiff") and Defendant Space Exploration Technologies Corp. ("Defendant," and collectively with Plaintiff, the "Parties") have included a redline comparison of this [Proposed] Stipulated Protective Order and the Model Protective Order, which is attached hereto as **Exhibit A**.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," and/or "EXPORT CONTROLLED."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 "EXPORT CONTROLLED": any documents, testimony, or information subject to U.S. Export Controls, Export Administration Regulations ("EAR"), the International Traffic in Arms Regulations, 22 C.F.R. 120 et seq. ("ITAR"), and/or the Arms Export Control Act ("AECA"). Export Controlled material shall only be released, disclosed, or made accessible to U.S. Persons, as that term is defined at 22 C.F.R. § 120.62, that are not named on any restricted or denied party/individual/entity list maintained by relevant government agencies, including but not limited to the U.S. Department of Defense and U.S. Air Force.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": any documents or information that, in addition to satisfying the requirements set forth in Paragraph 2.2 above, the Designating Party or third party believes in good faith includes highly confidential business information, including but not limited to proprietary information (including but not limited to the identification of 2-factor authentication codes and systems, cryptocurrency wallet addresses, API keys, and Telegram usernames and identifying user information), highly sensitive financial information, prospective business or competitive strategies, trade secrets, or highly sensitive business information that has not been made publicly available and that producing would create a risk of harm to personal, commercial, financial, strategic, or business interests of the Producing Party or its employees, customers, or clients or would put the Producing Party at a material competitive disadvantage if such information were disclosed to officers and employees of the Party to which such information is produced. For purposes of this Protective Order, so-designated information includes, but is not limited to, product formula information, customer identification

data, pricing information, and proprietary study methodologies. Notwithstanding the foregoing, by agreeing to this Stipulation, unless otherwise agreed elsewhere, no party or third party waives the right to challenge any Designating Party's designation of any document as "Highly Confidential – Attorneys' Eyes Only."

2.9 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and/or "EXPORT CONTROLLED."

2.16 Receiving Party: a Party that receives a Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL AND REDACTIONS

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and/or "EXPORT CONTROLLED" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or, if applicable, "EXPORT CONTROLLED." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and/or "EXPORT CONTROLLED" legend to each page of documents that contain Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that (i) the Designating Party identifies on the record, before the close of the deposition, hearing, or other proceeding, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" testimony, or (ii) in the case of deposition transcripts, that the Designating Party identifies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" testimony and informs all other Parties within 30 days from receipt of a final transcript of such designation. No such deposition transcript shall be disclosed to any individual other than the deponent and the individuals permitted under the Protective Order to review the information as designated during these 30 days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those permitted under the Protective Order to review the information as designated during the 30 days, unless otherwise agreed to by the Parties.

(c) For testimony given in depositions, or in other pretrial and trial proceedings, involving EXPORT CONTROLLED materials, the Designating Party shall designate the entirety of the testimony at the relevant proceedings as EXPORT CONTROLLED (before the record is closed), and will endeavor to identify more specific portions of the testimony as to which protection is sought within 60 days following receipt of the proceeding transcript. In circumstances where portions of the testimony are designated as EXPORT CONTROLLED, the transcript pages containing EXPORT CONTROLLED information may be separately bound by the court reporter, who must affix to the top of each page the legend "EXPORT CONTROLLED," as instructed by the Designating Party. For the avoidance of doubt, once the Receiving Party is notified that the testimony may contain EXPORT CONTROLLED material, the Receiving Party bears the sole burden of complying with the applicable export control laws and regulations. In the event that the Receiving Party has been notified that testimony may contain EXPORT CONTROLLED material, and even if the Designating Party has not identified specific portions of the testimony as EXPORT CONTROLLED, the Receiving Party bears the sole responsibility of ensuring EXPORT CONTROLLED material is not released to any persons other than those described in Section 5.2(c)(i).

(i) In connection with any deposition or other pretrial or trial proceedings involving EXPORT CONTROLLED materials, the Designating Party and Receiving Party shall ensure that no persons other than U.S. Persons as defined by 22 C.F.R. § 120.62, that are not named on any restricted or denied party/individual/entity list maintained by relevant government agencies, including but not limited to the U.S. Department of Defense and U.S. Air Force, are present in, participating in, or otherwise exposed to the testimony or information (such as exhibits) from such proceedings.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and/or "EXPORT CONTROLLED."

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 Computer/Programming Code Redactions. The Parties agree that due to the nature of the Parties' business operations, responsive documents may include source code or other non-public computer/programming code, including which constitutes trade secret information, that is either irrelevant to the claims and defenses at issue in this litigation or the disclosure of which is overly burdensome and disproportionate to the needs of this litigation. The Parties agree that they may redact such code contained in produced documents, but must clearly label which portions have been redacted as "Redacted Code."

5.5 EXPORT CONTROLLED Designations. A Designating Party shall identify any Documents, Testimony, or Information that it has a good faith belief are reasonably likely to contain protected information controlled by U.S. Export Controls as "EXPORT CONTROLLED." For avoidance of doubt, the Parties and any persons and entities subject to this Protective Order are *independently obligated* to comply with U.S. Export Controls when receiving material designated as "EXPORT CONTROLLED." The Designating Party will not ensure, and is under no obligation to ensure, that the Receiving Party is fully compliant with the applicable U.S. Export Control Laws. By accepting material designated as "EXPORT CONTROLLED," the Receiving Party represents and warrants that he/she/is it a U.S. Person and will comply with the U.S. Export Controls.

(a) Access to and/or Disclosure of materials designated as "EXPORT CONTROLLED" shall be permitted only to the following persons or entities: U.S. Persons as defined by 22 C.F.R. § 120.62, that are not named on any restricted or denied party/individual/entity list maintained by relevant government agencies, including but not limited to the U.S. Department of Defense and U.S. Air Force.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS AS TO "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the initial notice of challenge or within 10 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 14 days (or 10 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the

Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Use of Generative AI

(a) Prohibition on Public/Open Generative AI Tools and Machine Translation Services. Except as expressly provided below, the Parties and their respective representatives, agents, Professional Vendors, contractors, Experts, and any other recipients of Protected Material authorized under this Order shall not upload, submit, disclose, or otherwise make available any documents or portions of documents designated with any level of confidentiality (CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY) to any public or

open generative AI platform, application, or service. This prohibition includes, but is not limited to, tools such as OpenAI's ChatGPT, Anthropic's Claude, Google Gemini (formerly Bard), Microsoft Bing, Microsoft Edge Copilot, SpaceXAI's Grok, and similar publicly available generative AI tools, as well as any public machine translation services (e.g., Google Translate), or any similar service available to the general public via the internet. Nothing in this Order however, shall preclude a Producing Party from utilizing Generative AI with its own Protected Materials.

(b) Permitted Use of Secure, Hosted Generative AI Tools. The prohibition described above in 7.2(a) does not extend to the use of generative AI functionalities that are integrated within, or made available through, an e-discovery platform, legal research tool, or other proprietary software solution, provided that all of the following conditions are met:

(1) The generative AI tool or feature is offered as part of a commercial, subscription-based service or proprietary software (e.g., Relativity, DISCO, Everlaw, Westlaw, LexisNexis, Bloomberg Law, or other similar platforms commonly used in the legal industry) and is not available for unrestricted public use;

(2) The provider of such service or software maintains robust security protocols and employs private, non-public cloud infrastructure or other secure environments designed to ensure that data analyzed by the generative AI tool or feature is not used to train any public generative AI models, is not retained by the provider of such service or software following analysis by the generative AI tool or feature, is not shared with third parties (except as necessary for the provision of the service and subject to confidentiality obligations), and is maintained in compliance with applicable data privacy and confidentiality requirements; and

(3) The Parties and their respective representatives, agents, Professional Vendors, contractors, Experts, and any other recipients of Protected Material authorized under this Order take reasonable steps to verify that any generative AI enabled features or modules within such platforms are enabled and configured in a manner consistent with the security and confidentiality requirements of this Order and any governing ESI protocol, including, but not limited to, confirming that data provided to the generative AI tool will not be used to train models accessible to other customers or the general public, and confirming that data provided to the generative AI

tool will not be used to train any models owned by, controlled by, or affiliated with a party, whether or not such models are currently accessible to other customers or the general public.

7.3 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party's House Counsel;

(c) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) mediators or other individuals engaged or consulted in settlement of this action;

(h) during their depositions, witnesses in the action if such witness was involved in the subject matter described therein or is employed by the Producing Party of the Protected Material, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the persons identified in Sections 7.3(a)-(b), (d)-(g), and (i), as well as during their depositions, to witnesses in the action if such witness is employed by the Producing and Designating Party of the Protected Material, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.5 Disclosure of "EXPORT CONTROLLED" Information or Items. Access to and/or Disclosure of materials designated as "EXPORT CONTROLLED" shall be permitted only to the following persons or entities: U.S. Persons as defined by 22 C.F.R. § 120.62, that are not named on any restricted or denied party/individual/entity list maintained by relevant government agencies, including but not limited to the U.S. Department of Defense and U.S. Air Force. Any disclosure of "EXPORT CONTROLLED" Information or Items must include notification by the Producing Party to the Receiving Party that the Information or Items are subject to export control laws and express agreement by the Receiving Party that the Receiving Party shall comply with such export control laws.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and/or "EXPORT CONTROLLED" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the

other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and/or "EXPORT CONTROLLED before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its protected material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and/or "EXPORT CONTROLLED." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek

its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, “all Protected Material” includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 11, 2026

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ *Kollin J. Zimmermann*

KILPATRICK TOWNSEND & STOCKTON LLP
Kollin J. Zimmermann (CA Bar No. 273092)
KZimmermann@ktslaw.com
Dennis L. Wilson (Bar No. 155407)
DWilson@ktslaw.com
Josiah L. Alter (CA. Bar No. 339670)
JAlter@ktslaw.com
1801 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Kristin M. Adams (admitted *Pro Hac Vice*)
kmadams@ktslaw.com
1100 Peachtree Street N.E., Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

*Attorneys for Plaintiff*

DATED: September 11, 2026

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By: */s/ Megan K. Bannigan*

DAVID H. BERNSTEIN
Debevoise & Plimpton LLP
650 California Street
San Francisco, CA 94108
Tel: (415) 738-5700

Fax: (415) 644-5628
dhbernstein@debevoise.com

MEGAN K. BANNIGAN
JARED I. KAGAN
NICOLE M. FLORES
DANIEL N. COHEN
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
Tel: (212) 909-6000
Fax: (212) 909-6836
mkbannigan@debevoise.com
jikagan@debevoise.com
nmflores@debevoise.com
dncohen@debevoise.com

*Admitted *Pro Hac Vice*

*Attorneys for Defendant Space Exploration Technologies Corp.*

**SIGNATURE ATTESTATION**

Pursuant to L.R. 5-1(i)(3), the undersigned attests that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's contents and have authorized this filing.

DATED: September 11, 2026

Respectfully submitted,

Debevoise & Plimpton LLP

By: /s/ *Megan K. Bannigan*

*Attorneys for Defendant SpaceX*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: September 11, 2026

The Honorable Thomas S. Hixson

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on ____________ [date] in the case of *Ex Populus, Inc. v. SpaceXAI Corp. et al.,* Case No. 3:25-cv-07101-RFL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I understand that to receive Export Controlled Material, I must be a U.S. Person as defined by 22 C.F.R. § 120.62, and that I agree to comply with all U.S. export laws and regulations, including, without limitation, the Export Administration Regulations ("EAR"), the International Traffic in Arms Regulations, 22 C.F.R. *et seq.* ("ITAR"), and the Arms Export Control Act ("AECA").

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint __________________________ [print or type full name] of ________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________________

City and State where sworn and signed: _________________________________

Printed name: ________________________________

Signature: ___________________________________