United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EX POPULUS, INC.,
Plaintiff,
v.
SPACEXAI CORP., et al.,
Defendants.

Case No. 25-cv-07101-RFL (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 132

Defendants SpaceX and X Corp. move to stay all discovery against them pending resolution of their motions to dismiss. Plaintiff opposes. The two sides argue that the Court should take a look at the motions to dismiss to see how good they are as part of ruling on this motion for a stay. SpaceX and X Corp. say their motions are great, and Plaintiff disagrees. The Court thinks that looking at the motions to dismiss is not all that useful. After all, even if the motions are granted, Judge Lin will have to decide whether to grant leave to amend, and if she does, there's no way for the undersigned to be able to guess exactly what an amended complaint would say and whether it would have merit. So, no matter how good the existing motions to dismiss are, it is not possible for the Court to read those motions and know one way or the other if SpaceX and X Corp. are going to be definitively dismissed from the case, such that no discovery is worthwhile.

Both sides present the dispute over the stay motion as an unsatisfying all-or-nothing approach. Defendants argue that "Requiring SpaceX and X Corp. to engage in *full* discovery in the interim would force two newly named parties to undertake extensive written discovery, document collection, *review, and production, and depositions* before the Court determines whether—or in what form—any claim against them may proceed." Motion at 1 (emphasis added).

United States District Court
Northern District of California

Reciprocally, "Plaintiff respectfully requests that the Court deny Defendants SpaceX's and X Corp.'s Motion to Stay *in its entirety*." Opp. at 15 (emphasis added). The Court knows a false dichotomy when it sees one.

Discovery normally goes in phases. The initial steps include serving document requests, identifying potential custodians and non-custodial sources, figuring out how documents will be searched (e.g., search terms or TAR), document collection, meeting and conferring about those subjects, and filing discovery motions on those issues. These initial steps take some effort, yes, but they are not the expensive part of discovery. They also take time, sometimes frustratingly too much time, but litigants generally have to go through these initial steps before they can do substantive document review and production, which is where the expense typically becomes large. Document production is often also a gating item that needs to be substantially completed before depositions can take place – also an expensive part of the case.

Under Defendants' proposal, SpaceX and X Corp. would cease all work on discovery and do nothing until one or more claims against them got past a motion to dismiss. This means that if the complaint or a further amended complaint gets past a motion to dismiss, these Defendants would start discovery at zero. They would do nothing between now and then to identify custodians and non-custodial sources, collect documents, run hit counts, meet and confer about search terms, or anything else. In the event that one or more claims against them stick, no preliminary work on discovery will have happened, discovery will have to be spun up from nothing, and months will likely elapse before document production could begin. This is not an efficient way to manage discovery in this case.

The Court thinks the more appropriate way to proceed is for SpaceX and X Corp. to engage in the initial steps of discovery. The Court will not provide a definitive list of all such steps, but the Court has in mind the not-so-burdensome initial steps described above. It is not true that these initial steps in fact discovery are valueless until we know the exact allegations against SpaceX and X Corp. that will survive a motion to dismiss (if any do). Against those Defendants, Plaintiff's claims all hinge on the infringement of its XAI trademark, so while the exact details of those allegations may be pertinent to a motion to dismiss, they are not particularly relevant to the

initial steps in fact discovery, such as identifying relevant custodians and non-custodial sources, collecting documents, developing search terms, and so on.

The Court is also of the view that document review and production should wait until a claim gets past a motion to dismiss, as should depositions, contention interrogatories and RFAs. Those parts of fact discovery are expensive, and SpaceX and X Corp. should not be made to bear those expenses until we know for sure there is a viable claim against them.

Accordingly, the Court **DENIES** SpaceX and X Corp.'s motion to stay **WITHOUT PREJUDICE** and directs those Defendants to participate in the initial steps of fact discovery. If those Defendants believe they have completed those initial steps and the next tasks would be the more burdensome ones, or if they believe Plaintiff is making particular discovery demands that go past what would normally be involved in the initial steps, they should meet and confer with Plaintiff, and if the parties cannot reach agreement, they should file a joint discovery letter brief to raise that issue. Put simply, until one or more claims make it past a motion to dismiss against SpaceX or X Corp., discovery against those Defendants is a little bit open.

**IT IS SO ORDERED.**

Dated: September 22, 2026

THOMAS S. HIXSON
United States Magistrate Judge